UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL CROOM, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-01153-SEB-DLP |
| WARDEN,[1] | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Carl Croom for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 17-01-0171. For the reasons explained in this Order, Mr. Croom's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d).

### B. The Disciplinary Proceeding

On November 29, 2016, Investigator S. Puckett, wrote a conduct report charging Mr. Croom with a violation of A-111/113, conspiracy / attempting / aiding or abetting trafficking. The Conduct Report states:

> On November 29, 2016 Mr. D Stein Maintenance For[e]man witnessed a black woman drop off a McDonald's bag containing contraband inside the maintenance building, at the recycling can. While investigating the incident I[,] S. Puckett found in phone calls between Visitor Penny Gilbert and Coreman Orron 108577 that a package was being dropped off at the facility by a Penny Gilbert[,] the mother of Coleman. Gilbert is friends with Croom Carl 871027. While listening to phone calls it was clear Coleman and Gilbert were using code to set this up. They kept referring to 'old school' and 'unk'. This was later found to be Croom. It was found based on Jpay messages that Croom and Gilbert were communicating on a cell phone based on the information [Gilbert] stated in Jpay letters. Croom had not attempted to make a phone call on the wall phone until placed in Restrictive housing. On several of the phone calls leading up to the drop it is talked about whats [sic] in it and about how old school is working outside the fence. Gilbert also talks about unk calling her on the other line. Gilbert stated that on a call dated 11/24/16 at 13:19 Gilbert stated 'that she would deliver the Christmas presents next Tuesday' (the day of the drop). Both Croom and Coleman were interviewed for this investigation both would not cooperate and just stated they had nothing to do with it.

Dkt. 1-1 at 1, 3; dkt. 11-1. The Conduct Report also states, "see case report 16-IYC-0172 / Phone calls for Coleman # 108577 11/27-12/1." Dkt. 1-1 at 1, 3; dkt. 11-1.

Mr. Croom was first notified of the charge on December 8, 2016, when he received the Screening Report. He pleaded not guilty to the charge, did not request a lay advocate, requested that "Sam (Maintenance)" be called as a witness, and requested the phone calls and JPay letters as physical evidence. Dkt. 1-1 at 2. According to Mr. Croom, the first Conduct Report, which is marked as No. IYC 16-12-0041, was dismissed because it violated "D.O.C. policy on the time frame for the conduct report to be heard." Dkt. 1 at 2. The "same conduct report was reprinted. The only change was the case number." *Id.*

Mr. Croom was re-notified of the charge on January 18, 2017, when he received the Screening Report for the second time. He pleaded not guilty to the charge and requested a lay advocate, who was later appointed. Dkt. 1-1 at 4; dkt. 11-2. He also wished to call two witnesses: (1) "Maintenance Sam" who would "state that the offender was working with her", and (2) Officer Gagnon, who would "state that he threw the case out". Dkt. 1-1 at 4; dkt. 11-2. He also requested the following physical evidence: "[p]hone call conversation between offender Croom and Gilbert Penny [and] JPay letters stating that offender Croom and Gilbert were communicating on a cell phone." Dkt. 1-1 at 4; dkt. 11-2. Officer Gagnon's witness statement reads: "Did you tell the offender that you threw the case out? No, I never said I threw the case out at all." Dkt. 11-3. The witness statement from "Sam" on the maintenance staff reads: "Was offender working with you on this date? Yes." Dkt. 1-1 at 6, dkt. 11-4.

After one postponement to retrieve the requested evidence (*see* dkt. 11-6), the prison disciplinary hearing was held on February 12, 2017. According to the notes from the hearing, Mr. Croom stated: "The Jpay letters will prove this is not trafficking. I did not get those." Dkt. 11-7.

Based on the staff reports, Mr. Croom's statement, evidence from the witnesses, and the IA case file, the hearing officer found Mr. Croom guilty of A-111/113 for conspiracy to/attempting to traffic. The sanctions imposed included one hundred eighty (180) days of earned credit time deprivation and a credit class demotion.

Mr. Croom appealed to Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C.  **Analysis**

Mr. Croom asserts three grounds to challenge his prison disciplinary conviction: (1) he was subjected to double jeopardy when the first conduct report was dismissed and the identical conduct report was re-issued; (2) violation of IDOC policy because the hearing was untimely; and (3) insufficient evidence. The respondent argues that Mr. Croom failed to exhaust his claim regarding the sufficiency of the evidence. The respondent further argues that IDOC policy violations are not cognizable for habeas relief and that Mr. Croom was not subject to double jeopardy because he did not receive any disciplinary sanctions until his case was heard.

In reply, Mr. Croom reasserts the three grounds, but does not address respondent's argument that he failed to exhaust his claim regarding the sufficiency of the evidence. Mr. Croom also includes arguments that his due process rights were violated *in a different proceeding*, disciplinary case number IYC 16-12-0041. IYC 16-12-0041 is not the subject of the current habeas petition and arguments related to that disciplinary case will not be addressed here. To the extent, Mr. Croom wishes to challenge that proceeding, he may file a separate habeas petition related to that disciplinary hearing.

1.  Failure to Exhaust

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. Croom failed to exhaust the administrative appeals process as to his claim regarding the sufficiency of the evidence, and because the time to complete such administrative appeals process has passed, no habeas relief on those grounds can be given.

Because the undisputed record reflects that Mr. Croom failed to timely exhaust his available administrative remedies on ground three before filing this action (*see* dkt. 11-9; dkt. 11-10), habeas relief is not available to Mr. Croom on the ground of the sufficiency of the evidence.

2. Double Jeopardy

Mr. Croom first challenges his prison disciplinary conviction because his first case, IYC 16-12-0041, was dismissed, and then the same conduct report was given a new case number, IYC 17-01-0171. He alleges that this is double jeopardy.

"The Double Jeopardy Clause prohibits a second prosecution for the same offense following an acquittal and the imposition of multiple punishments for the same crime." *United States v. Taylor*, 777 F.3d 434, 439 (7th Cir. 2015). But "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 Fed. Appx. 855, 858 (7th Cir. 2004); *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) ("Prison discipline, however, does not constitute 'punishment' or 'prosecution' for double jeopardy purposes." (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994))); *see also Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Thus, Mr. Croom is not entitled to habeas relief on this basis.

3. IDOC Personnel's Failure to Follow IDOC Policy

Mr. Croom's second ground challenging his prison disciplinary conviction relates to IDOC personnel's failure to follow IDOC policy to timely schedule his hearing. Mr. Croom asserts that the disciplinary hearing should have occurred within seven working days after the screening report, and instead was unnecessarily delayed.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are

"primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Croom also is not entitled to relief on this basis.

### D.   Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Croom to the relief he seeks. Accordingly, Mr. Croom's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue. The **clerk is directed** to update the docket to reflect the substitution of "Warden" for "Superintendent" as the Respondent in this action.

**IT IS SO ORDERED.**

Date: 3/26/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CARL CROOM
871027
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov